No. 14,452.

HENRY ABRAHAM vs. MISS L. MIEDING.

SYLLABUS.

The adjudicatee in this case is tendered a title, valid upon its face and translative of property, strengthened by judicial proceedings, and accompanied by undisturbed possession as owner for eighteen years. *Held*—That she is bound to accept it.

I N RE Miss L. Mieding, applying for *certiorari,* or writ of review, to the court of appeal, parish of Orleans, state of Louisiana.

*Stafford & Lambert* and *Frank McGloin,* for applicant.

*Dinkelspiel & Hart,* for respondent.

The opinion of the court was delivered by

MONROE, J.    This is an application for the review of a judgment rendered by the court of appeal for the parish of Orleans decreeing that the applicant shall accept title to certain real estate which has been adjudicated to her at public auction.

The property was acquired in indivision by the New Orleans Savings Institution and Adolphe Risler from Joseph Alfred Dufilho, by act before Cuvellier, notary, August 28, 1872. Risler died in September, 1874, and title to the interest which he had acquired vested in his widow in community and children.

In 1882, the Savings Institution sold its interest to Ferdinand Gold-

smith, who filed suit for partition against the widow and heirs of Risler and obtained judgment agreeably to which the property was sold at auction and adjudicated to him, the adjudication being confirmed by notarial act executed by the auctioneer January 24th, 1884. Goldsmith remained in undisturbed possession of the entire property until June 30th, 1898, when he sold it to Henry Abraham, by whose authority it. was sold at auction in November, 1900, and adjudicated to the applicant.

The objections to the title are confined to the partition proceedings. The record of those proceedings has been lost, but the plaintiff (Abraham) offered the entries upon the clerk's and sheriff's dockets, the judgment decreeing the partition and ordering the sale of the property, as it appears upon the minutes of the court; the proceedings of a family meeting held in the interest of the minor, Adolphe Risler; and the notarial act reciting the *proces verbal* of the auctioneer in which the judgment mentioned is referred to as bearing date March 28th, 1883, from which evidence it may safely be presumed that the judgment of partition, unquestionably rendered, executed, and acquiesced in, was duly signed. Beyond this, it appears that Joseph Alfred Dufilho, having an interest as liquidator of the firm of Lafitte & Dufilho, in May, 1887, filed suit in the civil district court in the succession of Risler, alleging, among other things, that, by certain proceedings in France, whither Mrs. Risler and her children appear to have removed, she had acquired all of their interest in the Louisiana property left by their father, and praying that the general mortgage which had been inscribed against her, as tutrix, be cancelled. For the purposes of this proceeding a *curator ad hoc* was appointed to represent the minors interested and an answer was filed in their behalf, and there was judgment as prayed in the petition. Thereafter, in October, 1887, a petition was presented, also in the succession of Adolphe Risler, on behalf of the widow, containing the same allegations as those made by Dufilho and praying that she be recognized as sole owner of the Louisiana property and put in possession thereof, and judgment to that effect was rendered and signed October 17, 1887; and, upon November 5th, following, Mrs. Risler, through her duly authorized agent, by notarial act, formally ratified the sale, in the partition proceeding, whereby Goldsmith acquired the property here in question. Under these circum-

stances, and as it appears that in the proceeding in France by which Mrs. Risler acquired the interests of her children in the property in question, the latter either acted for themselves or were duly represented, and as they were afforded the opportunity of contesting the regularity of those proceedings in the civil district court when the issue was tendered, as has been stated, and as Goldsmith and his transferree, Abraham, have been in undisturbed possession for about eighteen years, during nearly fifteen years of which, assuming that the original title was defective, they have held under a title valid upon its face and translative of property, we are of opinion that the objections urged by the applicant are not well founded.

It is, therefore, ordered, adjudged and decreed that this proceeding be dismissed and that the judgment of the court of appeal remain undisturbed.